IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MARCUS BRANCH,** | CASE NO. 1:22 CV 1356 |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| v. | |
| **BEST REWARD FEDERAL CREDIT UNION,** | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

*Pro se* Plaintiff Marcus Branch, an inmate in the Trumbull Correctional Institution, filed this action against the Best Reward Federal Credit Union. The Complaint is very short. He states that his federal stimulus checks totally $ 3,200.00 were deposited into an account on which he is not listed as a holder or signer. He attaches a letter from the Internal Revenue Service ("IRS") indicating that they deposited the check as instructed by Plaintiff into an account for which Plaintiff provided the information. He does not indicate whether he ever had an interest in that account or whether he provided that information to the IRS in error. He does not assert any legal claims. He seeks $3,200.00.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact

when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

In this case, Plaintiff fails to establish a basis for this Court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). The second type of federal jurisdiction relies on the presence of a federal question. 28 U.S.C. § 1331. Plaintiff has not

established diversity jurisdiction because he does not allege the citizenship of the Defendant, nor does he meet the amount in controversy requirement. Furthermore, he does not provide a legal cause of action arising under federal law and none is apparent on the face of the Complaint. Even with liberal construction of the Complaint, Plaintiff failed to establish a basis for federal court jurisdiction.

      Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

Dated: October 17, 2022

                                                          CHARLES E. FLEMING
                                                          UNITED STATES DISTRICT JUDGE